# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUNDES GARRETT, | : | NO. 3:26-CV-00289 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| GEICO INDEMNITY COMPANY, | : | |
| Defendant. | : | |
| | : | |

## MEMORANDUM OPINION

The federal system of pleading makes it "relatively easy for plaintiffs to subject defendants to discovery." *Berk v. Choy*, 146 S. Ct. 546, 543 (2026). Under the Federal Rules, a plaintiff is required to plead only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8 excludes the possibility of requiring even more information on the same topic—whether in the pleading itself or on a separate sheet of paper attached to it." *Berk*, 146 S. Ct. at 554 (citation modified).

In this breach of contract suit, Plaintiff Lundes Garrett, proceeding *pro se*, has complied with the federal pleading standard by alleging that GEICO breached the terms of its insurance policy when it wrongfully denied his claim for insurance benefits on his insured motorcycle.

Because Garrett has pleaded sufficient factual allegations, beyond mere labels and conclusions, the Court will deny Defendant GEICO Indemnity Company's motion to dismiss (doc. 17) the Amended Complaint (doc. 16).

## I.    BACKGROUND[1]

Garrett, a resident of Pennsylvania, took out an insurance policy on a motorcycle with GEICO. Doc. 16 at 4. The policy provided coverage for damages if Garrett's motorcycle was involved in an accident. *Id.* Under the policy, GEICO agreed to pay the actual cash value of the motorcycle or the competitive price to repair damages. *Id.*

About a month after entering the insurance contract with GEICO, Garrett was involved in an accident, so he filed a claim for damages. *Id.* But, after almost three years, GEICO denied his claim because Garrett refused to provide the phone records of his family members. *Id.* He provided other relevant information including service records of the motorcycle. *Id.* GEICO never examined the motorcycle. *Id.* at 5.

On February 5, 2026, Garrett filed a complaint against GEICO and moved for leave to proceed *in forma pauperis*. Docs. 1-2. The Court

---

[1] In considering this motion to dismiss, the Court accepts all factual allegations in the Amended Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

granted Garrett's motion and issued summons as to GEICO. Docs. 5-6. Following GEICO's motion to dismiss (doc. 11), Garrett filed the Amended Complaint. Doc. 16.

In the Amended Complaint, Garrett alleges two claims against GEICO: (1) breach of contract; and (2) bad faith. *Id.* at 5. GEICO moved to dismiss. Doc. 17. The parties have filed their respective briefs (docs. 18, 21), and the motion is ripe for disposition.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a Rule 12(b)(6) motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation modified).

A district court must conduct a three-step analysis when considering the sufficiency of a complaint under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*,

556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 555. Third, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211, quoting *Iqbal*, 556 U.S. at 679. A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210, quoting *Iqbal*, 556 U.S. at 678. On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A complaint filed by a *pro se* litigant is to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.  DISCUSSION

The Court will deny GEICO's motion to dismiss because Garrett has pleaded sufficient factual allegations to state breach of contract and bad faith claims. The Court addresses each claim in turn.

### A.  Breach of Contract

GEICO argues that Garrett insufficiently pleaded his breach of contract claim. Doc. 18 at 6. It contends generally that Garrett failed to identify the policy provisions that were breached and only asserted conclusory allegations regarding its handling of Garrett's claim. *See id.* at 6, 8. For his part, Garrett asserts that he has abided by the federal pleading standard by alleging the existence of a "valid insurance contract, the occurrence of a covered loss (fire damage), and the Defendant's subsequent refusal to pay." Pl.'s Br., doc. 25 at 1.

In Pennsylvania, "The necessary material facts that must be alleged for [a breach of contract] action are simple: there was a contract, the defendant breached it, and plaintiffs suffered damages from the

breach." *McShea v. City of Philadelphia*, 995 A.2d 334, 340 (Pa. 2010).[2] Construing Garrett's *pro se* pleading liberally, the Court finds that Garrett has stated sufficient factual allegations to show that discovery may establish the elements of each claim.

To begin with, Garrett has alleged both the existence of a contract and its essential terms. He alleged that he took out an insurance policy with GEICO under a specific policy number, thereby identifying the contract at issue. Doc. 16 at 4. He next specified the terms of the policy which entitle him to coverage for damages to his motorcycle resulting from an accident, and that "GEICO will pay the actual cash value of the motorcycle or the competitive price to repair damages." *Id.* These allegations suffice to show that there was a contract and its essential terms entitled Garrett to coverage for his insured motorcycle. And GEICO concedes as much. Doc. 18 at 6 ("The essential terms of the contract at issue . . . provides that GEICO will pay actual cash value of the motorcycle or the competitive price to repair damages.").

---

[2] A federal court sitting in diversity must apply state substantive law and federal procedural law. *Schmigel v. Uchal*, 800 F.3d 113, 119 (3d Cir. 2015), quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000).

Garrett has also sufficiently alleged facts that go to the remaining two elements. As for the second element, Garrett alleged that GEICO denied his claim for coverage despite the accident involving his motorcycle. Doc. 16 at 4. He further specified that GEICO did not examine his motorcycle and denied his claim because he failed to provide phone records of his family members, a reason that is "unjustified and not supported by the terms of the contract." *Id.* As for the third element, Garrett alleged that GEICO's breach resulted in damages including repair costs and rental expenses. *Id.* at 5.

Accepting these factual allegations as true and construing the Amended Complaint liberally and in the light most favorable to Garrett, the Court finds that Garrett has stated a plausible claim for breach of contract. *See Clapps v. State Farm Ins. Co.*, 447 F. Supp. 3d 293, 298 (E.D. Pa. 2020) (finding that an insured-plaintiff properly stated a breach of contract claim against insurer-defendant by pleading the existence of an insurance policy, the insurer's breach by failing to cover losses to the insured property, and actual damages resulting from the insurer's failure to pay); *Brown v. Peoples Sec. Ins.*, 158 F.R.D. 350, 352 (E.D. Pa. 1994) ("In light of the liberal pleading standards articulated by the Federal

Rules and the courts, Plaintiffs' complaint provides fair notice to Defendant of the nature and basis of the asserted claims and a general indication of the type of litigation involved."); *see also Robinson Eye Ctr., LLC v. State Farm Fire & Cas. Co.*, No. 13-383, 2013 WL 1776654, at *4 (W.D. Pa. Apr. 25, 2013) (denying insurer-defendant's motion to dismiss where the insurer argued that the *pro se* insured-plaintiff failed to attach the insurance policy and to allege with specificity or clarify the essential terms).[3]

## B.    Bad Faith

GEICO argues that Garrett failed to state a bad faith claim by pleading insufficient factual allegations. Doc. 18 at 8. GEICO first sets

---

[3] GEICO also asserts that its denial was based on Garrett's failure to cooperate. Doc. 18 at 7. Generally, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). But where a document is "integral to or explicitly relied upon in the complaint," it "may be considered without converting the motion to dismiss into one for summary judgment" under Rule 56. *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022). The Court does not consider GEICO's attached exhibit (doc. 17-4) at this stage, finding that the exhibit, even assuming its authenticity, is not integral or explicitly relied upon in the Amended Complaint. In the alternative, even if the Court were to consider the letter, the analysis remains the same. Garrett's failure to cooperate goes to a factual dispute, which the Court does not resolve at this stage.

out a standard for proving a bad faith claim at summary judgment (*id.* at 9 ("the Plaintiff must present clear and convincing evidence")) and argues that Garrett's pleading is filled with conclusory allegations which fail to articulate sufficient factual allegations. *Id.* at 11. Not so.

"To recover under a claim of bad faith, the plaintiff must show that the defendant did not have a reasonable basis for denying benefits under the policy and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Albert v. Erie Ins. Exch.*, 65 A.3d 923, 931 (Pa. Super. Ct. 2013), citing *Terletsky v. Prudential Prop. and Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super Ct. 1994).

Here, excluding conclusory allegations from the Amended Complaint, Garrett has alleged that his claim for insurance benefits was denied almost three years following the accident based on Garrett's failure to provide his family member's personal phone records and contact information. Doc. 16 at 6. Garrett further alleged that GEICO did not examine the insured motorcycle. *Id.* Drawing all reasonable inferences in favor of Garrett, a *pro se* plaintiff, the Court finds that Garrett has sufficiently pleaded factual allegations that GEICO did not have a reasonable basis for denying benefits under the policy and that

they knew or recklessly disregarded their lack of reasonable basis in denying the claim. *See Robinson Eye Ctr., LLC*, 2013 WL 1776654, at *4 (denying an insurer-defendant's motion to dismiss where an insured-plaintiff alleged insurer's insufficient investigation in denying the insurance claim and that the insurer knew that the asserted bases for denying coverage have no basis in law or fact).

## IV.  CONCLUSION

Accordingly, GEICO's motion to dismiss (doc. 17) is denied. An appropriate order follows.

Date: May 26, 2026                    s/ *Sean A. Camoni*
                                       Sean A. Camoni
                                       United States Magistrate Judge